## WHITE et al. v. SUMNER et al.

(Supreme Court, Appellate Division, Second Department: April 13, 1897.)

ATTORNEY'S LIEN—MATTER PLEADED AS DEFENSE.
Code Civ. Proc. § 66, giving an attorney a lien on his client's "cause of action or counterclaim," does not give defendant's attorney a lien where the matter in the answer is pleaded merely as a "defense."

Appeal from special term, Westchester county.

Action by Pauline E. White and another against Ida D. Sumner and others to foreclose a mortgage. From three orders: (1) Denying plaintiffs' motion, on defendants' consent, for an order discontinuing action without costs; (2) denying plaintiffs' motion for leave to submit answering affidavits to an affidavit handed up on the previous motion by defendants' attorney without notice to or knowledge by them; and (3) granting a motion by defendants' attorney for leave to him to continue the prosecution of the defense (sic) of the action notwithstanding its settlement by the parties,—plaintiffs appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

H. B. Closson, for appellants.

Eugene Treadwell, for respondents.

GOODRICH, P. J.  The action was for the foreclosure of a purchase-money mortgage.  The answer of the defendants, who were obligors on the bond, alleged that when the bond was given it was orally agreed that the bond should be a mere formality, never to be enforced.  The trial of the action was commenced in January, 1896, at which time the plaintiffs moved for judgment on the pleadings, but the court decided that the answer set up a good and sufficient defense.  The defendants put in their evidence, and at the close of the defendants' case the motion for judgment was renewed and denied; and the trial was then adjourned to a later date, previously to which the parties, without the knowledge of the defendants' attorney, agreed upon a settlement and discontinuance without costs.  A motion for leave to discontinue was made, and granted upon condition of payment of costs and allowance within 20 days, the trial being further adjourned to cover the time allowed for compliance with the order.  From this order the first appeal is taken.  The plaintiffs also moved for a resettlement of the above-mentioned order.  This motion was denied, and the second appeal is from this order.  The costs allowed by the first order were never paid, and the defendants' attorney moved to set aside the settlement and consent for discontinuance, so far as to permit him to proceed to judgment with the action in order to secure the payment of his costs and fee.  This motion was granted, and from it the third appeal is taken.

Section 66 of the Code of Civil Procedure provides for an attorney's lien upon his client's cause of action or counterclaim, and that such lien "cannot be affected by any settlement between the parties before or after judgment."  The answer does not set up facts to show a counterclaim, and the defense is not pleaded nominally as a counterclaim.  It is stated to be a defense.  Upon such a defense as is set up, there cannot, in the nature of things, be a lien.  While an attorney has a lien upon a counterclaim, he has none upon a defense; and the third order, therefore, was erroneous.  In this view, it is not necessary to decide whether or not the settlement between the parties was collusive.

It appears by the record that the attorney has been paid by his client a part of the costs and fee.  For the remainder he has his resort to his client, but as the parties to the action settled it, and no benefit can result to the attorney from continuing it, the three several orders must be reversed, without costs, and the motion to discontinue granted, without costs.  All concur.