L. A. LAUGHLIN, Respondent, v. UNION PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 11, 1917.

1. **ATTORNEY'S LIEN: Removal of Action to Federal Court: Judgment: Action in State Court for Deforcement.** A plaintiff was injured by a railroad company and employed an attorney on a contingent fee to bring an action against the company. He notified the company of his lien. Before suit was brought the injured party employed other attorneys who brought the suit in the State court and it was removed to the Federal court, where he obtained judgment, which the defendant paid to the Clerk, who afterwards paid it to the attorneys who brought the suit, and the judgment was satisfied. It was *held*, that the attorney could maintain a suit in a State court against the railway company for deforcement of his lien.

2. ————: **Substantive Right: Federal Court: Notice: State Court.** An attorney's lien is a substantive right given him by a State law and he may enforce it in a Federal court where the judgment was rendered. Or, if judgment be rendered in the Federal court and paid by defendant, with notice of the lien, the attorney may maintain an independent action in a State court against the defendant for deforcement of his lien.

Appeal from Jackson Circuit Court.—*Hon. Harris Robinson*, Judge.

AFFIRMED.

*R. W. Blair* and *Watson, Gage & Watson* for appellant.

*L. R. Gates* for respondent.

ELLISON. P. J.—A grecian named Xedes was injured by defendant. On the recommendation of a fellow countryman, named Coliopolus, he employed plaintiff to bring an action against defendant for damages. He made such employment in writing; agreeing to give plaintiff fifty per cent of what he recovered, or of any sum he should get in a compromise, or other settlement of the claim, but at all events plaintiff was to receive one hundred dollars.

For some undisclosed reason, Xedes employed other attorneys and they brought an action for him in the State court which was afterwards removed to the Federal court at Kansas City, Missouri. The case was tried in the latter court and judgment rendered for $550 and the money paid by defendant to the Clerk of that court, from whom it was drawn by the attorneys who brought the suit and the judgment satisfied. Plaintiff had no notice or knowledge of the judgment or that it was paid until long afterwards.

After plaintiff's employment, and before the other attorneys had been employed to supplant him, he served written notice on defendant of his agreement with Xedes and of his claim of an attorney's lien for a certain per cent of whatever amount he obtained in settlement of said claim.

Plaintiff did nothing under his employment, other than prepare for it, for the reason that he was prevented by the action of Xedes in employing other attorneys.

After the notice of lien was served Xedes attempted a settlement with defendant's attorneys who told him of plaintiff's claim and refused to settle with him.

Afterwards plaintiff brought this action before a justice of the peace, to recover $275, being one-half of the judgment obtained. He prevailed both in the justice and the circuit court on appeal, and defendant had brought the case here.

Defendant makes earnest effort to show that as the judgment was rendered in the Federal court, the amount paid in to the Clerk and by him paid out to the attorneys of record representing the plaintiff in the judgment, the present lienor plaintiff can have no cause of action; it being insisted, in this respect, that an attorneys lien under the State law cannot attach to a judgment or proceeding in a Federal court, that court being regarded as foreign to the State. We think the point not well made. The lien is a substantial right which the attorney has vouchsafed to him by the local State law, and it will be enforced in the Federal court for such State, as any other claim arising under a·State law. It has been so recognized. [Brown v. Morgan, 163 Fed. 395; Cain v. Hockensmith, W. & C. Co:, 157 Fed., 992.] And the removal, of a case from the State to the Federal court was not allowed to affect an attorney's lien allowed by the law of Alabama. [Central Railroad v. Pettus, 113 U. S. 116.]

In view of the fact that this case was brought in a court other than the one rendering the judgment, and in which court that judgment was satisfied without the consent of knowledge of this plaintiff whose claim, if not now based upon our attorney's lien statute (Sec. 965, R. S. 1909) has that statute for its support, it is proper that we consider the propriety of the remedy sought by plaintiff. The statute, after giving the lien and providing for notice, proceeds to declare that any defendant "who shall, after notice served as herein provided, in any manner, settle any claim, suit, cause of action, or action at law with such attorney's client, before or after litigation instituted thereon, without first procuring the written consent of such attorney, shall be liable to such attorney for such attorney's lien as aforesaid upon the proceeds of such settlement, as per the contract existing as hereinabove provided between such attorney and his client."

It is decided in Wait v. Railroad, 204 Mo. 491, 502; O'Connor v. Transit Co., 198 Mo. 622, 643; Taylor v. Transit Co., 198 Mo. 715; Curtis v. Railroad, 118 Mo.

App. 341; Yonge v. Railroad, 109 Mo. App. 235, and Young v. Renshaw, 102 Mo. App. 173, that if a settlement be made before judgment without the lienor attorney's consent, he need not press the suit forward to establish his lien, but may have an independent action against the settling defendant "not possibly, strictly to enforce the lien, but against him who deforced the lien, for the value thereof." In the Wait case, at page 502 of the report, it is stated by the Supreme Court, that it had not been decided whether an independent action could be maintained against a settling defendant after final judgment.

But we believe the trend of that case, and the others cited, is along a line which leads to the conclusion that an action lies after judgment against the settling defendant. In fact we understand it to be, in effect, so announced in the Wait case at page 503 of the report. It is true that this plaintiff might have elected to go into the Federal court and asked to have the satisfaction of the judgment set aside and his rights protected. If he had, doubtless that court, as in any other case involving the enforcement of local laws, would have taken action on his complaint. But after the judgment was entered and satisfied, the complaining attorney was not confined to a request to the court which rendered the judgment, to set aside the satisfaction, and he could maintain his claim in some other court in a direct action against the defendant for deforcement of his lien. Other objections to the judgment are not considered substantial and it is accordingly affirmed. All concur.