Hattie SHELLEY (Plaintiff), Appellant,

v.

ST. LOUIS PUBLIC SERVICE COMPANY,
a Corporation (Defendant), Respondent.

No. 29164.

St. Louis Court of Appeals.

Missouri.

May 17, 1955.

Louis Yaffe, St. Louis, for appellant.

Lloyd E. Boas and John E. Bardgett, St. Louis, for respondent.

MATTHES, Judge.

This is an action for personal injuries sustained by plaintiff-appellant while a passenger upon one of the motor buses of the defendant-respondent. For the sake of convenience we will hereafter refer to the parties as they were designated in the trial court. Upon a trial to a jury there was a verdict for the defendant, and from the judgment rendered thereon, following an unavailing motion for a new trial, plaintiff has prosecuted her appeal to this court.

For her first point plaintiff asserts that the evidence was insufficient to justify the giving of instruction No. 2, which authorized the jury to exonerate defendant upon a finding that defendant's bus driver brought the bus to a sudden stop as the result of an emergency situation. In determining the propriety of the court's action in giving the instruction, we must consider the evidence in the light most favorable to the defendant together with all favorable and reasonable inferences to be drawn therefrom. Robb v. St. Louis Public Service Co., 352 Mo. 566, 178 S.W.2d 443; Rose v. St. Louis Public Service Co., Mo.Sup., 205 S.W.2d 559; Alwood v. St. Louis Public Service Co., Mo.App., 238 S.W.2d 868.

The event giving rise to this lawsuit occurred on November 19, 1953, near the in-

tersection of Vandeventer Avenue and Delmar Boulevard in the City of St. Louis, Missouri. Vandeventer, a north and south thoroughfare, was intersected by Delmar, an east and west street. East of Vandeventer, Delmar was 53 feet wide from curb to curb, and there were three lanes for westbound traffic thereon, however immediately west of Vandeventer the width of Delmar was reduced to 44 feet. Traffic moving on both streets was controlled by electric traffic signals. There was a downgrade on Delmar for westbound vehicles approaching the intersection.

On the day in question one of defendant's vehicles, referred to as a Delmar-McKnight bus, 36 feet long, was being driven by Robert Clyde Sutherlin, an employee of defendant, in a westwardly direction upon Delmar. The bus was stopped on two occasions as it approached Vandeventer for the purpose of taking on passengers. The designated bus stop zone east of Vandeventer and on the north side of Delmar was 90 feet from the intersection. Because there were two or three cars stopped in said zone, Sutherlin did not bring his bus to a stop the first time until he was 55 or 60 feet from Vandeventer, and then was required to stop the bus at an angle with the right front door 6 or 8 inches from the curb and the right rear of the bus 10 or 12 feet removed therefrom. A number of passengers boarded the bus, but Sutherlin was unable to state whether plaintiff got on at that time. After the passengers were in the bus the operator closed the door, released the brakes and permitted the bus to roll down the grade, a distance of about 30 feet, and at a speed of 2 or 3 miles per hour. When approximately 20 feet east of Vandeventer he stopped the bus the second time to pick up a lady passenger. After she was in the bus Sutherlin closed the door and then saw for the first time an automobile approaching from the rear, 200 to 250 feet away, traveling in a westwardly direction and at a speed of 30 to 35 miles an hour. The left side of the automobile was near the center of Delmar. Sutherlin released the brakes and the bus rolled forward at a speed of 2 or 3 miles per hour and 2 or 3 feet south

of the north curb. He kept his eye on the automobile through the rearview mirror, and when it was about 25 feet to the rear of the bus Sutherlin observed the speed of the automobile was reduced to 20 or 25 miles per hour, at which time he also observed it was coming "slightly" toward the bus, but the automobile did not turn or swerve suddenly to the right to indicate that the driver thereof intended to make a right turn into Vandeventer, neither was there a warning nor signal of any kind given by the driver of the other vehicle. Sutherlin thought the automobile was going to cross Vandeventer and continue on Delmar, and when it was abreast or alongside the bus, it was 4 or 5 feet to the left thereof. Immediately thereafter, and when the bus was approximately 10 feet east of Vandeventer, the automobile suddenly cut to the right directly in front of the bus. Sutherlin made immediate application of the brakes and brought his vehicle to a sudden stop about 2 feet east of Vandeventer, and according to the undisputed testimony, the front end of the bus missed the automobile about a foot and a half. Plaintiff testified that the bus stopped where it usually does on Delmar to take on passengers; that she stepped off the sidewalk on to the "car step". She paid her fare, turned around to sit down, and when asked whether she sat down, plaintiff testified: "No, sir, I never sit down, because I was throwed down, when I got down I was throwed down". She also stated the bus was "kind of up to the curb when the bus stopped", and that he pulled out 4 or 5 feet, "something like that".

Sutherlin procured the license number of the automobile as it was proceeding northwardly on Vandeventer, and later gave the same to the police. Prior to the trial plaintiff's counsel was furnished with the name and address of the driver of the automobile.

▉ It is vigorously insisted by plaintiff that the evidence demonstrates that the bus driver's conduct created or contributed to cause the emergency, and therefore it was error to give instruction No. 2. We are not impressed with the urgency of this conten-

tion. The defendant was entitled to an instruction submitting the emergency situation unless its own evidence established negligence of the bus operator in causing or contributing to cause the emergency. Consideration of the evidence in the light most favorable to defendant justifies the conclusion that the emergency situation was the result of the negligent conduct of the driver of the automobile, and that the acts or omissions of defendant's employee in driving the bus did not contribute to bring about the situation. We notice in particular that during the time the bus was stopped on the second occasion Sutherlin observed the automobile approaching from the rear, 200 to 250 feet away in the third or inside lane, with the left side near the center of Delmar, traveling at 30 to 35 miles per hour. The bus then moved forward slowly and as it did the right side thereof was only 2 or 3 feet from the north curb. When the automobile was about 25 feet to the rear it moved *slightly* toward the bus, but nothing happened to indicate that the driver of the automobile intended to make a sudden right turn and go north on Vandeventer, in fact when the automobile was alongside the bus, a distance of 4 or 5 feet separated the left side thereof from the right side of the automobile. It seems only logical that a reasonably prudent person would assume, as Sutherlin did, that the automobile was going to proceed across Vandeventer and continue westwardly on Delmar. Under the facts, concerning which there was very little dispute, the court very properly instructed on the emergency doctrine whereby the jury was entitled to consider the circumstance of the sudden emergency as a factor in determining the reasonableness of the act of defendant's driver in bringing the bus to a sudden stop. Grace v. St. Louis Public Service Co., Mo.Sup., 249 S.W.2d 409; McDonnell v. St. Louis Public Service Co., Mo.Sup., 249 S.W.2d 412; Rohde v. St. Louis Public Service Co., Mo.Sup., 249 S.W.2d 417; Lukitsch v. St. Louis Public Service Co., 362 Mo. 1071, 246 S.W.2d 749; Filkins v. Snavely, 359 Mo. 356, 221 S.W. 2d 736.

For her second point plaintiff urges that instruction No. 2 was prejudicially erroneous because (a) it failed to hypothesize all the necessary facts; (b) it failed to exclude any reasonable inference as to negligence in the maintenance of the bus as a cause of the emergency; and (c) it failed to require a finding that the bus driver was exercising the highest degree of care prior to the emergency situation.

It is of course true, as emphasized by plaintiff, that if there is evidence from which a jury could reasonably find that the defendant was negligent in failing to anticipate the emergency situation, and thus could reasonably find that such negligence brought about or contributed to cause the emergency, that an instruction submitting the emergency doctrine should require the finding that no negligence of the defendant caused or contributed to cause the emergency. Rohde v. St. Louis Public Service Co., supra; Grace v. St. Louis Public Service Co., supra; and McDonnell v. St. Louis Public Service Co., supra. We are convinced, however, that the instant instruction submitted not only that element, but all other requirements as laid down by the Supreme Court in said cases. We observe that before exonerating defendant because of the manner in which its operator brought the vehicle to a stop, the jury was required to find:

(1) The bus was being operated westwardly along Delmar Boulevard; (2) when the bus was approximately 10 feet east of the intersection of Vandeventer and Delmar, it was traveling at a speed of 2 or 3 miles per hour; (3) that at that time the automobile was being driven westwardly along Delmar and passed the left side of said moving bus at a distance of approximately 4 or 5 feet to the left and at a speed faster than the moving bus; (4) that when the windshield of the automobile was approximately abreast of the front of the motor bus, the driver of the automobile suddenly turned the same to the right directly in front of and into the path of and in close and dangerous proximity to the left front corner of said bus without giv-

ing any sign or signal of his intention to do so; (5) that the operator of the bus was then confronted with an emergency; (6) that the operator of the bus made an emergency application of the brakes to stop the same in order to avoid the collision with the automobile; (7) that the operator of the bus at all times and under all of the circumstances then and there existing was exercising the highest degree of care; (8) that the bus driver did not negligently by any act or failure on his part cause or contribute to cause the emergency; (9) that by the exercise of the highest degree of care the bus driver could not anticipate said emergency; and (10) that the bus driver was not negligent under instruction No. 1.

■ The burden of plaintiff's first complaint is that the instruction did not specifically hypothesize the facts, particularly, "the finding of 'swerving or pulling away from the curb' element", and whether the "swerving or pulling away from the curb was done in a negligent manner", and the finding "that the 'operator saw the automobile approaching from the rear'," and "a finding 'as to where said automobile was when the operator pulled away from the curb' ". We find no merit in this contention. It is not necessary that an instruction submitting the emergency doctrine negative all conceivable negligence of the defendant prior to the emergency Freedom from negligence in bringing about the collision may be submitted generally, and regardless of whether general or specific language is used, it must reasonably mean that the jury may not consider the emergency unless they find the defendant free of any negligence in creating it. Rohde v. St. Louis Public Service Co., 249 S.W.2d 417, loc. cit. 421. Surely the specific requirement in the instant instruction that the operator of the motor bus did not negligently, by any act or failure on his part, cause or contribute to cause the emergency, was sufficient to inform the jury that they could not consider the emergency unless they found the defendant's operator free from any negligence in creating it. The inclusion in the instruction of all of the elements suggested by plaintiff would, in

our opinion, have added confusion thereto and would not have aided the jury in arriving at a proper verdict.

■ It was not necessary for the instruction to specifically exclude any reasonable inference of negligence in the maintenance of the bus as contended by plaintiff. In her third amended petition upon which the case was tried plaintiff did not charge the defendant with negligence in the *maintenance* of the bus, but chose to allege general negligence only in the *operation* thereof. Neither did the proof establish negligent maintenance prior or subsequent to the emergency, therefore submission of that question was unnecessary.

■ An attack is made upon the phrase, "under all of the circumstances then and there existing", the contention being that, since this is a res ipsa loquitur case, such a phrase in an instruction is not proper where there is conflicting evidence and, that the instruction should have specifically required the jury to find that the defendant's bus driver was exercising the highest degree of care prior to the time the emergency situation arose. While this precise requirement was not included in the instruction, it is clear that the facts as hypothesized therein, and which were fully supported by the evidence would, under the circumstances of this case, exclude any negligence of defendant's driver in creating the emergency. That is to say, if the jury found the facts as hypothesized it would follow that said operator's prior conduct in no way contributed to bring about the emergency. Furthermore, since the instruction did inform the jury that they could not consider the emergency unless they found defendant's bus operator was free from any negligence in creating it, we see no reason why the instruction should have contained the additional requirement that the said operator was exercising the highest degree of care prior to the time the emergency situation arose.

Measured by the rule laid down in Rohde v. St. Louis Public Service Co. supra, Grace v. St. Louis Public Service

Co., supra, McDonnell v. St. Louis Public Service Co., supra, Lukitsch v. St. Louis Public Service Co., supra, and Boatright v. Bruening, 363 Mo. 494, 251 S.W.2d 709, in which emergency doctrine instructions were fully considered, we conclude that the instant instruction, supported by evidence, contained all of the necessary elements. Consequently plaintiff's contention that said instruction was prejudicially erroneous must be ruled against her.

■ Finally it is urged that the rights of plaintiff were prejudiced because of improper argument of defendant's counsel. It appears that during his opening summation the attorney representing plaintiff informed the jury that he would not say the driver of the automobile "was not negligent—he probably was" * * *. Thereafter defendant's counsel, in argument, stated:

"There is no question but what Mr. Yaffe knew in March the name of this automobile driver and his address. And he has stood before you and told you there is no question in his mind but what that automobile driver was also negligent. I ask you squarely is it fair to bring half an accident into the lawsuit, half an accident into the court?"

An objection to the argument on the ground, "That is not the law. That is improper argument", was overruled. In this court plaintiff also urges that the following portion of the argument made by defendant's counsel immediately after the objection to the foregoing argument was improper:

"I believe that if he really wanted to be fair about this, if Miss Hudson wanted to be fair, you would see both people in here as defendants, then you could make up your mind and judge accordingly. That would not have taken much work. Let me also point out one other factor, there is only one person who could have brought the automobile driver in here as a party to this lawsuit, and that is the plaintiff. I can't do it as far as this lawsuit is concerned."

No objection appears in the record as to the latter argument.

Plaintiff's counsel was furnished with the name and address of the driver of the automobile whose conduct brought about the emergency situation, but plaintiff did not choose to bring him into court as a party defendant. Of course he was not a necessary party, plaintiff was not required to sue him, and her failure to do so did not in itself preclude her from recovering damages from defendant. However, when all the facts are considered, particularly the argument made by plaintiff's own attorney, we cannot say that the argument complained of was prejudicial to the rights of plaintiff. Not only did plaintiff's lawyer inform the jury in his opening argument that the driver of the automobile "probably" was negligent, but in his closing argument he referred to the automobile driver as a "no good so-and-so", and stated he, plaintiff's counsel, was not making any excuses "for that fellow".

■ The rule is firmly established in Missouri that the trial judge, who has the opportunity of hearing the lawyer present his client's cause to the jury, is vested with wide discretion in ruling on the propriety of the argument with respect to the question of prejudice, and unless it appears that the trial judge has clearly abused his discretion, we should defer to his judgment. Goyette v. St. Louis-San Francisco Ry. Co., Mo. Sup., 37 S.W.2d 552, loc. cit. 556; Marlow v. Nafziger Baking Co., 333 Mo. 790, 63 S.W.2d 115, loc. cit. 119, 120; Griffith v. Gardner, 358 Mo. 859, 217 S.W.2d 519; Venditti v. St. Louis Public Service Co., 362 Mo. 339, 240 S.W.2d 921. We find nothing in the argument complained of to justify us in convicting the trial judge of an abuse of discretion with respect to his ruling thereon.

It is our conclusion that the parties were afforded a fair trial, and therefore the judgment should be affirmed. It is so ordered.

WM. R. COLLINSON and DOUGLAS L. C. JONES, Special Judges, concur.