Aubrey SATTERFIELD, Plaintiff,

v.

SOUTHERN RAILWAY COMPANY, a
Corporation (Defendant), Appellant,

J. Edward Gragg, Michael J. Aubuchon, and
John L. Rooney (Movants),
Respondents.

No. 29354.

St. Louis Court of Appeals.

Missouri.

Feb. 21, 1956.

Motion for Rehearing or to Transfer
to Supreme Court Denied
March 15, 1956.

Kramer, Campbell, Costello & Wiechert, East St. Louis, Ill., and Fordyce, Mayne, Hartman, Renard & Stribling, and F. W. Schwarz, St. Louis, for appellant.

William R. Schneider, St. Louis, for respondents.

MATTHES, Judge.

The Southern Railway Company appeals from a judgment after jury verdict in favor of J. Edward Gragg, Michael J. Aubuchon, and John L. Rooney, respondents herein.

Respondents are lawyers having their office in St. Louis, Missouri. They were employed by plaintiff on October 25, 1951, to represent him in his claim for personal injuries against appellant. On May 13, 1952, respondents filed a suit in behalf of plaintiff in the Circuit Court of the City of St. Louis, Missouri, and to the petition the appellant filed its answer. On August 12, 1952, the appellant filed its amended answer in which it was alleged that at the time of the filing of the petition in the Circuit Court of the City of St. Louis, respondents had been discharged by and were no longer representing plaintiff. It further appears from the amended answer that on May 16, 1952, plaintiff filed a suit against appellant in the Circuit Court of Knox County, Tennessee, on the identical occurrence which was the basis for the St. Louis action; that on June 17, 1952, the action filed in Tennessee was settled, the settlement reduced to a verdict and judgment and the judgment had been fully paid and satisfied of record. A copy of all the proceedings in the Knox County Circuit Court was attached to the amended answer filed in the St. Louis action.

No further action was taken in the suit pending in the Circuit Court of the City of St. Louis until May 13, 1953, when respondents filed their motion for adjudication of attorneys' fee wherein they prayed for judgment against the appellant. The motion was bottomed on the theory that the settlement by appellant with plaintiff of the latter's cause of action was made without the knowledge and consent of respondents when appellant knew of the pending action in St. Louis and the existence of a lien in favor of respondents. To this motion appellant filed a motion to dismiss in which the court's jurisdiction of the appellant and of the subject matter was attacked on the ground, inter alia, that respondents' claim could not be adjudicated by motion, and that the only valid mode of procedure was by a separate, independent, and new action. The motion of appellant was overruled. Thereafter, and on April 22, 1954, appellant applied to the Supreme Court for writ of prohibition. In the petition for the writ of prohibition appellant asserted that the Circuit Court of the City of St. Louis was without jurisdiction to take any action in connection with the motion filed by the respondents. Attached to the petition and made a part thereof was a copy of all proceedings in the Circuit Court of Knox County, Tennessee. The application for writ of prohibition was denied. Thereafter the issues were joined in this cause by proper pleadings. Other pertinent facts will be noted during the course of the opinion.

Appellant's basic point is that the action pursued by respondents to enforce their lien (filing of motion in the case pending in St. Louis) was wholly unauthorized and no jurisdiction over appellant or the subject matter was acquired by the trial court.

By the clear provisions of Section 484.130 RSMo 1949, V.A.M.S., an attorney has a lien for his services from the commencement of an action or the service of an answer containing a counterclaim, and this lien cannot be affected by any settlement between the parties before or after judgment. Noell v. Missouri Pac. R. Co., 335 Mo. 687, 74 S.W.2d 7, loc. cit. 10, 94 A.L.R. 684. Although the statute explicitly affords an attorney protection for services rendered by creating a lien in his favor it fails to provide a method for enforcement thereof. But lack of a statutory remedy does not mean that the lien of an attorney must perish. Nelson v. Massman Const. Co., Mo.App., 120 S.W.2d 77, loc. cit. 87, certiorari quashed, State ex rel. Massman Const. Co. v. Shain, 344 Mo. 1003, 130 S.W.2d 491; Welker v. Wabash Ry. Co., 208 Mo.App. 348, 234 S.W. 520 (See Elliott, Petition of); Curtis v. Metropolitan St. Ry. Co., 118 Mo.App. 341, 94 S.W. 762. The remedy for enforcing the lien is not only left to the court, but in the final analysis it is up to the court to determine whether the method selected by the attorney is appropriate under all the facts and circumstances. Schempp v. Davis, 201 Mo.App. 430, 211 S.W. 728, loc. cit. 730; Woodruff v. Rusk, 229 Mo.App. 119, 76 S.W.2d 709; State ex rel. Anderson v. Roehrig, 320 Mo. 870, 8 S.W.2d 998; Mills v. Metropolitan St. R. Co., 282 Mo. 118, 221 S.W. 1. And an attorney is not restricted to any particular remedy in the foreclosing of his lien. He may proceed by an independent suit against the party who was the defendant in the original case. Noell v. Missouri Pac. R. Co., supra, 335 Mo. 687, 74 S.W.2d 7, 94 A.L.R. 684; Noell v. Chicago & E. I. R. Co., Mo.App., 21 S.W. 2d 937; Taylor v. St. Louis Transit Co., 198 Mo. 715, 97 S.W. 155; Gerritzen v. Louisville & N. R. Co., Mo.App., 115 S.W. 2d 44; Lawson v. Missouri & Kansas Tel. Co., 178 Mo.App. 124, 164 S.W. 138; Nelson v. Massman Const. Co., supra, Mo. App., 120 S.W.2d 77; Laughlin v. Union Pac. R. Co., 196 Mo.App. 541, 196 S.W. 398. Or he may proceed against the same party by motion in the original case. Nel-son v. Massman Const. Co., supra, Mo.App., 120 S.W.2d 77; Woodruff v. Rusk, supra, 229 Mo.App. 119, 76 S.W.2d 709; State ex rel. Anderson v. Roehrig, supra, 320 Mo. 870, 8 S.W.2d 998; Welker v. Wabash Ry. Co., supra, 208 Mo.App. 348, 234 S.W. 520 (See Elliott, Petition of); Wait v. Atchison, T. & S. F..R. Co., 204 Mo. 491, 103 S.W. 60. In Wait v. Atchison, T. & S. F. Railroad, supra, the Supreme Court, following Curtis v. Metropolitan St. Ry. Co., supra, 118 Mo.App. 341, 94 S.W. 762, ruled that the attorney may enforce his lien against the judgment itself. The same principle is announced in Nelson v. Massman Const. Co., supra. Again the attorney may resort to a court of equity for the purpose of foreclosing his lien. Mills v. Metropolitan St. R. Co., supra, 282 Mo. 118, 221 S.W. 1; State ex rel. Anderson v. Roehrig, supra, 320 Mo. 870, 8 S.W.2d 998.

We observe that approval has been given other procedural methods employed by attorneys for the purpose of securing compensation for their services. In Barnes Hospital v. Quinlivan, Mo.App., 136 S.W.2d 332, 333, a garnishment proceeding, the attorney who had represented plaintiff in procuring the judgment against Quinlivan, filed a "petition for lien for attorney's fees" in the garnishment action. This court approved the procedure upon the authority of Mills v. Metropolitan St. R. Co., supra, 282 Mo. 118, 221 S.W. 1. Schempp v. Davis, supra, 201 Mo.App. 430, 211 S.W. 728, involved an attachment suit. Henry E. Perkins, a lawyer, had represented one of the parties to the attachment suit in other litigation and had not been paid for his services. He filed a petition in the attachment action claiming a lien on the property of his former client. Objection was made to this procedure without avail. The Kansas City Court of Appeals, recognizing the failure of the statute to provide a remedy, stated, 211 S.W. 728, loc. cit. 730: "And he [attorney] is not restricted by the statute to any particular remedy to enforce his liens." So it has been demonstrated that our courts have adopted a policy with respect to enforce-

ment of the lien created by the statute that will give real meaning to the obvious purpose of the statute, i. e., to provide protection in fact for the attorney who has rendered services to a client. As has been stated, our courts "have been assiduous in devising for its enforcement [referring to lien] modes of procedure conformable to 'those general rules established in our system of jurisprudence for the security of private rights.'" Mills v. Metropolitan St. R. Co., supra, 282 Mo. 118, loc. cit. 127, 221 S.W. 1, loc. cit. 4.

The instant case presents a unique aspect in that there was a suit filed by plaintiff against appellant on the same cause of action in Tennessee and a judgment rendered therein while the action was pending between the same parties in the Circuit Court of St. Louis, Missouri. Appellant seizes upon this factor and contends that the Tennessee proceeding proved fatal to respondents' right to proceed in the case which they filed in St. Louis in behalf of their client. Consideration of the facts surrounding and leading up to the Tennessee proceeding in light of the liberal attitude of our judiciary with respect to proceedings to enforce the lien of an attorney compels us to reject appellant's contention.

By the undisputed testimony, plaintiff and defendant agreed upon a settlement of plaintiff's claim for $7,600. This came about as the result of negotiations between an agent of appellant and plaintiff, the greater portion of which was carried on after appellant knew that respondents had filed the suit in the Circuit Court of St. Louis in behalf of plaintiff. For some reason it was decided that the parties (plaintiff and appellant) should go through the formalities of a court proceeding in Tennessee. We are warranted in assuming this procedure was suggested by appellant because plaintiff testified he consulted with an attorney in Knoxville, Tennessee, for the purpose of securing advice concerning his seniority rights, and the attorney so consulted, testifying as a witness for appellant, stated he had "nothing to do with

going into the circuit court in this case * * * except I appear of record". Of significance and supporting the above assumption is the undisputed testimony that the petition (called declaration in Tennessee) was prepared by appellant.

In light of the pronouncements of our courts the compromising of plaintiff's claim behind the backs of respondents at a time when the case was pending in the Circuit Court of the City of St. Louis opened to respondents the course they elected to pursue to enforce their lien (Welker v. Wabash Ry. Co., supra, 208 Mo.App. 348, 234 S.W. 520 (See Elliott, Petition of); Woodruff v. Rusk, supra, 229 Mo.App. 119, 76 S.W.2d 709; Lawson v. Missouri & Kansas Tel. Co., supra, 178 Mo.App. 124, 164 S.W. 138; Nelson v. Massman Const. Co., supra, Mo.App., 120 S.W.2d 77), unless it can be said that the formality of the court proceeding in Tennessee had the effect of destroying such right. We have concluded that the taking of the additional step of reducing the settlement to a judgment in another court did not bar respondents from proceeding as they did. The salient fact that the amount plaintiff received from appellant for his injuries resulted not from the action in Tennessee, but rather from the settlement negotiated between the parties, fortifies this holding. We do not believe it can seriously be contended that the court proceeding in Tennessee added validity to the settlement. We are not saying the parties did not have the right to go through the formalities of a court action in Tennessee as they did. But we do say that by applying the firmly entrenched principles herein pointed out to all the facts and circumstances, such action did not have the effect contended for by appellant.

The point is also made that appellant was denied a fair trial because of improper and inflammatory argument of counsel for respondents. The precise suggestion is made that counsel was permitted to argue that the settlement of plaintiff's claim was the result of fraudulent conduct

on the part of appellant, it being pointed out further that no charge of fraud was raised by the pleadings. We have carefully examined the record, which discloses that during the opening argument counsel for appellant interposed four objections. The court either sustained the objections, or advised the jury that the argument was not to be considered. In one instance the court remarked, "The jury heard the evidence." In this state of the record we cannot convict the court of error.

■ Appellant's main objection is focused upon respondents' closing argument. The apparent difficulty with, and weakness of, this contention is that appellant registered no objection to the argument here assaulted. Counsel for appellant did interrupt the argument at one point with a comment or observation which can hardly be considered an objection, and therefore we cannot find the trial court committed error unless the substantial rights of appellant were affected resulting in manifest injustice or miscarriage of justice. S.Ct. Rule 3.27, 42 V.A.M.S. We have carefully considered the argument complained of and find nothing therein to justify application of the provisions of the rule.

The judgment should be and is affirmed.

ANDERSON, P. J., and SAM C. BLAIR, Special Judge, concur.

On Motion for Rehearing

Appellant contends that our original opinion demonstrates that we failed to accurately and fairly reflect the true scope, character, and extent of appellant's objections to respondents' argument, and responses made thereto by the trial judge. During opening argument counsel stated: "The whole thing was intended to be a smear and bring about a situation so no St. Louis lawyer would ever again accept a case against the Southern Railroad. That's the reason they are having this case, to make it difficult for them to collect this fee against the railroad company, because they knew Satterfield had been represented by these people." Objection was made that the argument was beyond the purview of the pleadings and the evidence. The court acted on the objection by stating: "Argument of counsel is in no way to be taken as evidence." Thereafter counsel for respondents argued: "And that they wanted to forestall. And that's why they entered into that rigmarole of the judgment, so as to do everything in their power to keep Satterfield from getting everything he is entitled to." Again there was an objection that the argument was outside the record and issues, and again the court stated: "The jury heard the evidence."

During the closing argument respondents' counsel was commenting on the conduct of one of the claim agents of appellant and this occurred:

"Mr. Schwarz: The only issue in this case, Your Honor, is solely on the idea that this settlement was made without notifying these lawyers. They made no charge of misrepresentation or shoddy dealing, or inadequacy, or anything else.

"Mr. Schneider: That's no objection to the argument at all.

"The Court: Proceed, gentlemen.

"Mr. Schwarz: Did they give notice to these attorneys or didn't they? They never came in here and said anything about fraud or inadequacy."

No further objection or comment was made by appellant's counsel during the remainder of the closing argument.

Appellant now contends that our holding with respect to the action of the trial court to objections during the opening argument is contrary to the ruling of the Supreme Court in Reese v. Illinois Terminal Railroad Co., Mo.Sup., 273 S.W.2d 217, loc. cit. 224, 225. In the Reese case the court held that the ruling of the trial judge on the objection to argument was insufficient in view of the prejudicial nature of the argument. The court said that the character of the

argument called for a prompt and unequivocal sustention of the objection instead of the qualifying direction given by the court to the jury. If we were dealing with a case wherein the nature and character of the argument was prejudicially erroneous, we would have no hesitancy in saying, as the court did in the Reese case, that the trial judge should have sustained the objection made by appellant's counsel in unequivocal terms and directed the jury to disregard the argument. But careful consideration of the argument in light of the pleadings and evidence convinces us that the trial court should not be convicted of error with respect to the argument complained of.

■■ Even though it may be considered that the effect of the court's ruling on the objections made by appellant's counsel during opening argument pointed out, supra, was to overrule such objections, and should we consider further that proper objection was made during the closing argument, we are not willing to hold the trial judge guilty of prejudicial error. This is so because of the firmly established rule that counsel is allowed not only to comment upon the evidence, but to draw all reasonable inferences therefrom most strongly for his client, and an objection cannot be sustained because he is doing so. Wide range should be allowed counsel in presenting the facts and deducing legitimate inferences therefrom. Goyette v. St. Louis-San Francisco R. Co., Mo.Sup., 37 S.W.2d 552, loc. cit. 556, and cases cited. The trial judge should be allowed large discretion in permitting or restraining the argument, and his rulings will generally be deferred to on appeal. Goyette v. St. Louis-San Francisco R. Co., supra; Venditti v. St. Louis Public Service Co., 362 Mo. 339, 240 S.W.2d 921, loc. cit. 929, 930; Shelley v. St. Louis Public Service Co., Mo.App., 279 S.W.2d 182, loc. cit. 187.

■ We are unwilling to hold that the action of the trial judge with respect to the argument, viewed in light of the entire record and measured by the applicable principles, constituted an abuse of his discretion.

The motion for rehearing, or in the alternative to transfer to the Supreme Court, should be overruled. It is so ordered.

ANDERSON, P. J., and SAM C. BLAIR, Special Judge, concur.