James P. LEIGH, d/b/a Pat Leigh Agency, and James P. Leigh and Sherri Leigh, his wife, Plaintiffs,

v.

The WESTERN FIRE INSURANCE COMPANY and Farmers Alliance Mutual Insurance Company, Defendants.

Citizens Bank of Edina, Applicant for Intervention.

No. N82–24C.

United States District Court, E.D. Missouri, N.D.

Dec. 14, 1983.

adjunct to my determination that the Board did not alter an unambiguous agreement.

Marion F. Wasinger, Hannibal, Mo., Tom B. Brown, Edina, Mo., for plaintiffs.

Glenn E. McCann, Kansas City, Mo., Charles E. Rendlen, Jr., Hannibal, Mo., for defendants.

## MEMORANDUM AND ORDER

HARPER, District Judge.

This matter is before the Court on the motion of the parties to dismiss the complaint with prejudice and to determine whether an attorney's lien exists on the .proceeds to be paid in compromise and settlement of the disputes in this cause.

The motion to dismiss is founded in settlement agreements between all parties, therefore leaving no dispute for this Court to resolve except as to attorney's fees. Accordingly, the motion to dismiss this cause with prejudice is sustained subject only to the following concerning the amount of attorney's fees which attach to the settlement amount of $50,000.00 awarded by defendant, Farmers Alliance Mutual Insurance Company, to plaintiff's assignee, The Citizens Bank of Edina.

The facts in this case disclose that Missouri law is the appropriate state law to be applied. Missouri law holds that an attorney wishing to foreclose on his attorney's lien may proceed in an independent suit against the defendant in the original case, or may proceed against the same party by motion in the original case. *Plaza Shoe Store, Inc. v. Hermel, Inc.*, 636 S.W.2d 53, 56 (Mo. banc. 1982); *Satterfield v. Southern Railway Company*, 287 S.W.2d 395, 397 (Mo.App.1956). Oral arguments on this motion were heard by the Court on October 3, 1983.

This action involves the enforcement of fire insurance policies purchased by plaintiffs, James and Sherri Leigh, to insure a two-family apartment building located in Edina, Missouri. The building was destroyed by fire and thereafter plaintiffs sought to collect the insurance proceeds for that loss. The two insurance companies, Western Fire Insurance Company and Farmers Alliance Mutual Insurance Company, refused payment. Plaintiffs sought legal advice on the matter, eventually con-

tracting with the law firm of Wasinger, Parham & Morthland, "to obtain for client's satisfaction and payment of proceeds and other such relief owing them under contracts between the clients and Western Fire Insurance Company and Farmers Alliance Mutual Insurance Company * * *." The consideration for these services consisted of a promise by plaintiffs to pay "one-third of any amount obtained after suit is instituted, whether by settlement, compromise or the result of trial."

The law firm filed suit for collection of the insurance proceeds on March 22, 1982. Section 484.130, Revised Statutes, Missouri, provides that upon commencement of an action or the service of an answer containing a counterclaim, an attorney who appears for a party has a lien upon his client's cause of action or counterclaim. That section also provides that the lien cannot be affected by any settlement between the parties before or after judgment.

On April 14, 1982, plaintiffs assigned all their interest from the proceeds of the Farmers Alliance insurance policy to the Citizens Bank of Edina. As will be explained below, the bank already held a $30,-000.00 mortgage interest in the proceeds, and the assignment of the remaining interest in the insurance proceeds was for additional consideration received from the bank. At no time did plaintiffs discharge the law firm from employment in this case.

The law firm has released all attorney's liens on the proceeds received by settlement from Western Fire and the proceeds from the contents coverage in the Farmers Alliance policy. This dispute over fees centers upon what amounts, if any, the law firm can claim from the $50,000.00 building coverage proceeds obtained from Farmers Alliance.

The law firm contends that it is entitled to one-third of the entire $50,000.00, in other words, the sum of $16,666.66, as that amount is the correct legal fee under the contingent fee contract. The firm cites *Payne v. Bankers & Shippers Insurance*, 229 Mo.App. 901, 77 S.W.2d 183 (1934), as authority that the owners, as trustees for the mortgagee's benefit, could contract for the enforcement of their entire insurance policy, including the $30,000.00 mortgage interest, thereby entitling the law firm to fees on the entire amount. *Payne*, however, cannot be authority for such a proposition because it concerned a statutory option given an owner of property as to whether to receive money damages or require repairs in the case of partially damaged property. No such statute is involved in this total loss case, and as such it is readily apparent that *Payne* has no application to these facts.

■ The bank, on the other hand, argues that the assignment of the cause of action to them prior to settlement serves as a constructive termination of the law firm's services, thus entitling the firm only to reasonable fees on a quantum meruit basis. See *Plaza Shoe Store, Inc. v. Hermel, Inc.*, supra. But *Plaza Shoe* involved an actual discharge of an attorney, which is not the case here. Whether a complete assignment of a cause of action by a client serves to terminate an attorney's employment is a question undecided by Missouri courts. This question does not need to be resolved here, because a clear resolution of this matter can be obtained from the language of the contingent fee contract and the Farmers Alliance insurance policy.

The insurance policy contains what is known as a standard union mortgage clause in favor of The Citizens Bank of Edina in the amount of $30,000.00. The distinguishing feature of this type mortgage clause is that the mortgage amount is to be made payable directly to the mortgagee regardless of any act by the insured that could invalidate the policy. It is the accepted rule in Missouri that the standard union mortgage clause constitutes a separate and distinct contract between the mortgagee and the insurance company up to the amount of the debt secured. *Northwestern National Insurance Company v. Mildenberger*, 359 S.W.2d 380, 383 (Mo. App.1962); *Prudential Insurance Co. v. German Mutual Fire Insurance Association*, 60 S.W.2d 1008, 1009 (Mo.App.1933).

The insurance policy provides:

"Loss or damage, if any, under this policy, shall be payable to the mortgagee (or trustee), named on the first page of this policy, as interest may appear, under all present or future mortgages upon the property herein described in which the aforesaid may have an interest as mortgagee (or trustee) in order of precedence of said mortgages, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand pay the same."

It is clear that under this policy The Citizens Bank of Edina, as mortgagee, had a right to its mortgage interest that was separate and distinct from the insureds' interest. Further, this right to the mortgage interest did not depend on whether the law firm's clients were entitled to recover; on the contrary the bank would recover its interest regardless of the outcome of plaintiffs' suit. Therefore, as provided in their contingent fee contract with the law firm, plaintiffs' "proceeds and other relief owing them under contracts" with Farmers Alliance consisted only of that amount over and above the $30,000.00 mortgage interest. From the beginning the law firm could only have recovered a contingent fee on this surplus amount, and to charge a fee to recover the mortgage interest that would most certainly accrue to the bank anyway would be unreasonable, at least.

The assignment of the claim to the bank had no effect on the attorney's lien, as the lien preceded the assignment in time. Therefore, the proceeds exceeding the mortgage amount is subject to the attorney's lien of the law firm in the amount specified in the contingent fee contract.

Under the insurance policy, the amount owing the mortgagee is the principal, plus accrued interest up to the date of the loss. The bank claims that the mortgage principal is $30,000.00 and that interest at sixteen percent is chargeable to the principal from the date of the mortgage to the date of the loss (from August 11, 1981 to October 11, 1981). Thus, the total amount owing to the bank under the policy is $30,800.00. Subtracting this amount from $50,000.00 leaves a difference of $19,200.00, from which the law firm is entitled to one-third. The law firm, then, is entitled to attorney's fees of $6,400.00, to be applied from the proceeds offered by Farmers Alliance Mutual Insurance Company.

Accordingly, the motion of the parties to dismiss this cause is sustained with prejudice.

This Court further orders that a lien in favor of the law firm of Wasinger, Parham & Morthland, as attorney's fees in the amount of $6,400.00 be placed on the proceeds from a settlement offered by Farmers Alliance Mutual Insurance Company to The Citizens Bank of Edina.