MERCANTILE BANK OF LAKE OF THE OZARKS, Respondent,

v.

James R. JONES, et al., Respondents,

Russell A. Willis, III, Appellant.

No. WD 49580.

Missouri Court of Appeals, Western District.

Jan. 10, 1995.

Russell A. Willis, III, acting pro se.

Michael L. McDorman, Versailles, for respondent Mercantile Bank.

David A. Yarger, Versailles, for respondent James R. Jones.

Thomas E. Loraine, Lake Ozark, for respondent Albert Wiley Shakely.

Robert James Seek, Eldon, for respondent Trustees of Eldon Ionia Masonic Lodge.

Before FENNER, C.J., P.J., and HANNA and LAURA DENVIR STITH, JJ.

FENNER, Chief Judge.

Appellant, Russell A. Willis, III (Russell Willis), appeals the judgment of the trial court overruling his motion to intervene and his motion to amend judgment in an underlying declaratory judgment action between respondent, Mercantile Bank of Lake of the Ozarks (Mercantile Bank), and other respondents herein claiming an interest in the assets of Freda M. Shakely, deceased.

Edwin Shakely and Freda Shakely were husband and wife and they had no children. Edwin died intestate in January of 1993 and Freda died intestate a few weeks later. Freda's intestate heirs were a nephew and two great-nephews.

In 1985, Edwin and Freda had established a revocable trust agreement with respondent Mercantile Bank as trustee. Schedules were attached to the trust agreement indicating that the grantors, Edwin and Freda, intended to transfer certain securities and real estate to the trust. In addition to Freda's intestate heirs, others were entitled to share in the distribution under the trust after the death of the surviving grantor.

After Freda's death, her great-nephew, respondent James R. Jones, was appointed administrator of her probate estate. The securities and real estate listed on the schedules attached to the trust agreement were inventoried in Freda's estate. Thereafter, on March 5, 1993, Mercantile Bank in its capacity as trustee of the trust, filed suit seeking a declaratory judgment that the securities inventoried in Freda's estate were property of the trust and further seeking to quiet title to the real estate in favor of the trust. At the time the petition was filed, Russell Willis was one of three lawyers representing Mercantile Bank.

The individual trust beneficiaries other than the intestate heirs of Freda filed a separate answer and counterclaim against Mercantile Bank alleging the Bank had been negligent and breached the trust in failing to secure transfer of the scheduled assets to the trust. On November 22, 1993, a fourth lawyer entered the case on behalf of Mercantile Bank and the three lawyers who had previously represented the Bank, including appellant Russell Willis, withdrew.

Thereafter, the trial court entered judgment in favor of Mercantile Bank declaring the securities and real estate in question to be subject to the trust. The trial court also dismissed the counterclaim against the Bank and appointed James R. Jones as successor trustee. A docket entry reflecting the court's judgment in summary form was entered on April 22, 1994. The judgment entry order was executed by the court on May 6, 1994, and filed for record on May 10, 1994.

On May 31, 1994, appellant filed a Motion to Intervene as a matter of right under Rule 52.12(a) and a Motion to Amend the Judgment to include attorney fees to him. On

June 3, 1994, the motion to intervene was overruled and the motion to amend was dismissed as moot.[1]

On appeal, appellant argues that the trial court erred in overruling his motion to intervene. Appellant argues that he is entitled to intervene in order to protect his claim for attorney fees from the trust assets.

The standard of review in this court tried matter is in accordance with *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). The judgment of the trial court is to be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or unless the court erroneously declared or applied the law. *Id.* at 32.

First, an application to intervene must be timely and an application to intervene as a matter of right is not timely if made subsequent to trial, judgment, or decree unless substantial justice mandates otherwise. *Pius v. Boyd,* 857 S.W.2d 238 (Mo. App.1993). If an application is timely or substantial justice mandates otherwise, then pursuant to Rule 52.12(a), to be allowed to intervene as a matter of right, the person seeking to intervene must show three things: 1) the applicant must show an "interest" in the subject to the action in which he seeks to intervene; 2) the applicant must show that his ability to protect his interest will be impaired or impeded as a practical matter in the event he is not allowed to intervene; and 3) the applicant must show that his interest is not adequately represented by the existing parties. *State ex rel. Mercantile Bank v. Pinnell,* 804 S.W.2d 63, 65 (Mo.App.1991). The burden is on the party seeking intervention to show that he has a right to intervene. *McDaniel v. Park Place Care Center, Inc.,* 861 S.W.2d 179, 180 (Mo.App.1993).

Appellant's claimed interest herein is a lien for his attorney fees on the trust assets pursuant to section 484.130, RSMo 1986. As such, appellant has the right to enforce his lien without intervention in the case at bar. Under Missouri law, an attorney wishing to foreclose on his attorney's lien may proceed in an independent suit or by motion to enforce the lien in the original case. *Leigh v. Western Fire Ins. Co.,* 575 F.Supp. 1192 (D.C.Mo.1983) (citing *Plaza Shoe Store, Inc. v. Hermel, Inc.* 636 S.W.2d 53, 56 (Mo. banc 1982) and *Satterfield v. Southern Railway Company,* 287 S.W.2d 395, 397 (Mo.App. 1956)).

Appellant represents in his brief that his ability to protect his interest by independent suit is impaired by section 456.480, RSMo 1986. Appellant expresses concern that this statute will present a defense to Mercantile Bank for any separate action that he might pursue against the bank. Appellant expresses specific concern with the language of section 456.480.1, RSMo 1986, which provides, in relevant part, that: "... a trustee is not individually liable on a contract properly entered into in his fiduciary capacity...."

At oral argument, Mercantile Bank took the position that the language quoted by appellant is only applicable to a contract made in the course of administration of a trust. Mercantile concedes that the contract between Mercantile and appellant was not entered into when Mercantile was administering a trust. Furthermore, Mercantile has specifically waived any right to claim section 456.480, RSMo 1986, as an affirmative defense in any action brought against it by appellant. Therefore, appellant clearly has the option of suing Mercantile, or seeking to enforce his lien against the successor trustee or the beneficiaries under the trust. Appel-

---

1. Respondents argue that since the court made its docket entry on April 22, 1994 and appellant did not file his motion to intervene until May 31, 1994, more than 30 days had passed since the entry of judgment and that the trial court lacked jurisdiction to take any further action. Respondents overlook the fact that when the record reflects that the court intended to delay its judgment from the date of a docket entry to the date of a formal judgment order, the judgment is not considered entered until the formal judgment is

rendered. *Paparic v. McKinney,* 877 S.W.2d 139, 140 (Mo.App.1994). In the case at bar, the docket entry was in an extremely abbreviated and summary form and indicated that the court still intended action in the form of appointing a successor trustee. The latter was not formally accomplished until the typed judgment entry form was executed by the court on May 6, 1994. The May 31, 1994 motion to intervene was filed within 30 days thereafter.

lant has failed to show that his interest will be impaired if he is not allowed to intervene. Substantial justice did not mandate that appellant be allowed to intervene.

The judgment of the trial court is affirmed.

All concur.