Parls A. BUSBY (Plaintiff), Appellant,

v.

James TANNER, also known as Jimmie Tanner (Defendant), Respondent.

No. 29123.

St. Louis Court of Appeals.

Missouri.

Sept. 20, 1955.

Rehearing Denied Oct. 13, 1955.

Not to be reported in State Reports.

William B. Quinn, St. Louis, for appellant.

William H. Tombrink, Strubinger, Tudor, Tombrink & Wion, St. Louis, for respondent.

WOLFE, Commissioner.

This is an action wherein the plaintiff seeks damages for personal injuries sustained while he was a guest in an automobile owned by the defendant. The defendant was driving when the automobile went off the highway and turned over, injuring plaintiff. The trial resulted in a verdict and judgment for the defendant and the plaintiff prosecutes this appeal.

The evidence on behalf of the plaintiff was that he and Tanner left St. Louis on February 21, 1953, at about 8:00 p. m. to go to California. They intended to look for work there. Busby was going at Tanner's invitation and they were driving in Tanner's automobile. Just west of Cuba, Missouri, Tanner stopped the car to pick up two hitch-hikers who were also on their way to California. These two additional passengers got in the back seat. At Rolla they stopped for refreshments and Tanner asked if they would mind if he took a short detour to

Edgar Springs to see a friend. No one objected but Busby said that if Tanner was going there he would get in the back seat and go to sleep. He did this and Tanner and the other two got in the front seat. Busby fell asleep and the next thing of which he was conscious was that he was pinned under the automobile and some people were jacking it up in order to release him. He stated that he considered Tanner a good driver and found no fault with his operation of the car and that the car was in good mechanical condition.

After recounting the injuries suffered, about which there is no dispute, the plaintiff rested. The defendant, in his own behalf, testified to the same facts that Busby had related, and he further told of the occurrence which caused his car to turn over. He said that after they left Rolla he proceeded to Edgar Springs but upon arriving there he could not locate his friend so he drove back toward Rolla to resume the trip to California. It was then about 1 o'clock in the morning and he was driving at a speed of about 50 or 55 miles per hour. The road was a "black-top" highway and near the point where his car overturned the grade was slightly uphill with a slight curve to the left at the crest. There were no other cars upon the road except one approaching him and he saw it first when it was about a quarter of a mile away. As he neared the crest of the hill the aproaching car came two or three feet over on the wrong side of the road. It was then about 150 to 175 feet away and its lights blinded Tanner. He turned to the right to avoid hitting it and his car encountered some loose gravel that caused him to lose control. He struggled to regain control of his car while it traveled about 150 to 200 feet and turned over.

He was familiar with the highway at this point and knew that there was sometimes gravel upon it from a driveway that entered near the top of the hill. He saw no gravel upon the highway as he had traveled the road on the way toward Edgar Springs. He said that his car was off the highway into the loose gravel when he lost control. Photographs of the highway were in evidence. They showed both the grade and the curve to be very slight and also showed the gravel driveway mentioned.

Plaintiff submitted his case on the res ipsa loquitur theory and the defense charged the occurrence to the fact that the defendant while blinded by lights of a car bearing toward him and through no negligence of his own lost control of his car while trying to avoid a collision.

The only point raised is that the court erred in giving to the jury instruction No. 1–D in behalf of the defendant. This instruction attempted to hypothesize a "sole cause" defense.

■ It is first contended that no sole cause situation existed under the facts in that the defendant's evidence disclosed that he was not in the exercise of the highest degree of care and that he was consequently guilty of negligence as a matter of law. The objection to the instruction upon this ground does not appear to be well taken, for negligence is always a question for the jury where different minds might draw different conclusions from the facts submitted. Gower v. Trumbo, Mo.Sup., 181 S.W.2d 653; Fortner v. St. Louis Public Service Co., Mo.Sup., 244 S.W.2d 10; Louisville & Nashville R. Co. v. Beatrice Foods Co., Mo.App., 250 S.W.2d 825.

The instruction is as follows:

"The Court further instructs you that if you find and believe from the evidence that the defendant was driving his automobile northwardly on the highway mentioned in the evidence and that plaintiff was riding in said automobile, and if you further find that another automobile approached the automobile being driven by defendant, if so, and that such automobile had bright head lights on it which blinded defendant, if so, *and was approaching the automobile being driven by defendant in the middle of said highway,* if you so find, and towards the automobile driven by defendant, if you so find, and if you further find that defendant in order to avoid a collision with the automobile approaching defendant's automobile, if

you so find, turned his automobile to the right and encountered loose gravel, if you so find, and lost control of said automobile and that said automobile upset, if you so find, and if you further find that said accident was caused solely by the fact, if you find it to be a fact, that the lights of the automobile approaching the defendant's automobile temporarily blinded defendant, and that said automobile was being operated in the middle of said highway, if you so find, and that said accident *was not due to any negligence on the part of defendant in any of the particulars submitted to you in other instructions given you,* then and in that event your verdict must be against the plaintiff and in favor of the defendant." (Italics ours.)

The evidence as viewed from the defendant's viewpoint presented an emergency situation and although referred to as a "sole cause" instruction, the defense that the defendant tried to submit was under the emergency doctrine. Shelley v. St. Louis Public Service Co., Mo.App., 279 S.W.2d 182. He was, of course, entitled to an instruction upon any properly asserted defense warranted by the evidence. If he operated his car northwardly upon the highway with the highest degree of care, and while so doing another automobile traveling southwardly crossed the center line toward a point of collision with his car, so that he was obliged to turn to the right to avoid a collision, and the lights of the oncoming car blinded him so that he could not see the road, and in turning his car to the right he ran into loose gravel which caused him to lose control of the car so that it traveled out of control and turned over, and he was not in any way negligent in turning from the oncoming car, he was not liable and the jury should be so instructed.

■■ However, the instruction given is confusing. The italicized part that states, "and was approaching the automobile being driven by defendant in the middle of said highway", seems to allow a finding for the defendant if he was not driving on the proper side of the road. The other italicized phrase, which is likewise misleading, required a finding that the "accident was not due to any negligence on the part of defendant in any of the particulars submitted to you in other instructions". Since the case was submitted on general negligence there were no other instructions submitting any particular negligence. This being the case, the jury, under the instruction given, might have thought that the speed at which the defendant was driving was too fast under the circumstances. By finding no instruction on that point they could disregard it. It therefore appears that the instruction is not in proper form and should not have been given.

■ The instruction is not subject to the criticism that it fails to specifically set forth facts, which, if true, would exonerate the defendant from negligence. This is necessary in a sole cause instruction where the defendant is charged with specific negligence. Semar v. Kelly, 352 Mo. 157, 176 S.W.2d 289. But no specific negligence was charged and consequently an instruction which informs the jury that they must find that the plaintiff's injuries were not due to any negligence on the part of the defendant is sufficient. Durmeier v. St. Louis County Bus Co., Mo.Sup., 203 S.W.2d 445; Browne v. Heeter, Mo.Sup., 267 S.W.2d 666; Shelley v. St. Louis Public Service Co., Mo.App., 279 S.W.2d 182.

For the reasons stated the instruction given was prejudicially erroneous, and it is the recommendation of the Commissioner that the judgment be reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly reversed and the cause remanded.

ANDERSON, P. J., MATTHES, J., and FRANKLIN FERRISS, Special Judge, concur.