Alice THOMAS, Appellant,

v.

KANSAS CITY PUBLIC SERVICE
COMPANY, a Corporation,
Respondent.

No. 22316.

Kansas City Court of Appeals.

Missouri.

April 2, 1956.

William E. Tipton, Robert J. Taylor,
Tipton, Birmingham, Taylor & Furry,
Kansas City, for appellant.

Charles L. Carr, Frank J. Rogers, Kansas City, for respondent.

SPERRY, Commissioner.

Mrs. Thomas, plaintiff herein, sued defendant for injuries alleged to have been sustained by her when she was overcome by carbon monoxide gas while a passenger on a gasoline powered bus of defendant. She had a verdict for $2,500 but the court granted defendant a new trial because of error in instructions. Plaintiff appealed.

Plaintiff testified to the effect that she boarded defendant's bus, and rode to 11th and Grand, on January 26, 1949; that, when she boarded the bus she noticed a strong, gassy odor, similar to that given off by exhaust fumes of a motor car; that it was stronger than any such odor that she had ever smelled; that it was a cold day; that, after standing for a time, she obtained a seat; that, after sitting down, she became very ill; that she became dizzy and feared she would fall from her seat; that she was nauseated and had a severe headache in the back of her head; that she finally lost consciousness and did not regain it until the bus stopped at 11th and Grand, the end of its run, when both doors were opened; that the cold fresh air then revived her; that she was on the bus about 45 minutes and was unconscious about 15 minutes of that time; that her illness was caused by exhaust fumes from the motor bus; that she alighted from the bus and leaned, for a time, against a building; that she, eventually, visited a lawyer's office to inquire about the filing of income tax return for her son; that she continued to be ill and took a trolley bus to where her son was employed; that her son called her son-in-law and had him to meet her at the end of the line, in his car, and take her home. She stated that her daughter called the family doctor that night, and was told how to administer to her; that the doctor visited her the next day; that she remained under his care and treatment for many months and was still being medically treated at the time of the trial.

There seems to be no question about the seriousness of plaintiff's illness. The issue is whether or not it stemmed from inhaling poisonous fumes emanating from the motor, while a passenger on defendant's bus. On that issue defendant contends that no case was made.

Dr. Welch stated that he had been plaintiff's family physician for a number of years, prior to this illness; that he treated her at her home January 27, 1949; that she complained of severe pains through her chest, difficult breathing, and general weakness; that, from the history of the case, plaintiff's symptoms as related to him by her, and from objective findings made by him, he diagnosed the case as one of carbon monoxide poisoning; that her face was flushed and showed a "writhing" expression of pain; that a flushed face is a symptom of carbon monoxide poisoning; that he caused to be made a hemoglobin test, which showed 65%; that it should have shown from 80% to 85%; that she was 25% to 35% below normal; that the result of the hemoglobin test indicated that she was suffering from monoxide poisoning; that, in such cases, pain follows, the heart rate increases, which is nature's way of restoring normal oxygen supply to the oxygen starved tissues of the body; that it is accompanied by difficult breathing; that her heart is now in poor condition as compared with its condition "before she got this poisoning"; that her heart disability is permanent; that she was in good health prior to this illness; that, in his judgment, her heart condition is due to carbon monoxide poisoning.

Dr. Graham testified to the effect that plaintiff suffered from a "leakage" of the heart, and from myocarditis; that her attack, while on the bus, could have been caused by carbon monoxide poisoning; that the symptoms of such poisoning are those described by plaintiff as having been experienced by her. But he stated that, when he examined her, some five years after her attack, he could not say whether it was caused by such poisoning.

Plaintiff's daughter, Gladys, testified to the effect that, the morning of January 26, 1949, plaintiff was in good health and spirits; that when witness arrived home from work that evening plaintiff was in bed, ill;

that she telephoned Dr. Welch, who instructed her to give plaintiff warm salt water so as to induce vomiting, in order to "get rid of the poison."

■ There was testimony from other members of the family, but it is, generally, cumulative in nature. We think the testimony herein mentioned constitutes substantial evidence tending to prove that plaintiff's illness and disability are due to her having inhaled noxious fumes from the exhaust of the motor of defendant's bus, in the manner and to the extent claimed by her. A submissible case was made on that issue.

■ This is a res ipsa loquitur case. The court will judicially notice the fact that the presence, in injurious quantities, of carbon monoxide gas within defendant's bus bespeaks negligence. Anello v. Kansas City, Missouri, Mo.App., 286 S.W.2d 49.

The court granted a new trial for the stated reason that Instructions 4 and 5 were erroneous.

Instruction 4 is, in words and figures, as follows:

"On the meaning of the term 'Burden of Proof' and its being on the plaintiff throughout the trial, you are instructed that if you find from the greater weight of the credible evidence the facts and issues to be, as required in instruction No. 9, and find from the evidence and such legitimate and reasonable inferences as reasonable men might be expected to reasonably draw from the credible evidence that the defendant failed to exercise the highest degree of care for the plaintiff's safety then the plaintiff has met and carried the burden of proof required of her by the law and by the instructions herein."

Instruction 9 reads as follows:

"You are instructed that the law does not require the defendant to introduce any evidence whatever, to disprove plaintiff's claim that it was guilty of negligence which

directly caused her injury, but on the contrary you are instructed that under the law the burden of proof is upon the plaintiff to prove her case against the defendant by a preponderance, that is, the greater weight of the credible evidence.

"If you believe that plaintiff has not met this burden, or that the evidence is evenly balanced, or preponderates in favor of defendant, then your verdict must be against the plaintiff and in favor of defendant."

Under Instruction No. 4 the jury is informed that plaintiff's burden of proof was met if it should find from the greater weight of the credible evidence "the facts and issues to be, as required in instruction Number 9." The latter instruction does not detail any specific *fact* required to be found by the jury in order to find for plaintiff, except, generally, that defendant "was guilty of negligence which directly caused her injury."

Instruction No. 9 is defendant's burden of proof instruction. The courts have approved counter burden of proof instructions, similar in language to the one under consideration; but such instructions referred to plaintiff's main instruction, or to "other instructions," so that the jury was thereby specifically required to find, by the greater weight of the credible evidence, the constitutive facts of liability. Illustrative are the following cases, all cited and relied on by plaintiff, to wit: Davis v. Kansas City Public Service Co., Mo., 233 S.W.2d 679, 682; Venditti v. St. Louis Public Service Co., 362 Mo. 339, 240 S.W.2d 921, 927; White v. St. Louis Public Service Co., Mo. App., 249 S.W.2d 498, 501. Such cases do not constitute authority in support of plaintiff's position with relation to her Instruction 4.

■ A burden of proof instruction should not leave the jury to determine for itself the material facts, as this one does. Jennings v. Cooper, Mo.App., 230 S.W. 325, 327. In the cases above mentioned,

the instructions considered were not subject to this criticism.

The instruction here considered is also erroneous in that, thereby, the jury may have been led to believe that all they were required to do, in order to find that plaintiff had met the burden of proof required, was to find that defendant had failed to exercise the highest degree of care for plaintiff's safety, regardless of whether it believed that inhalation of gas was the proximate cause of her injuries, that being an essential element of her case. See Cooper v. 805 Grand Bldg. Corp., Mo., 257 S.W.2d 649, 655. The question of where the burden of proof lies is a matter of substance. Jennings v. Cooper, supra. To approve of this instruction, or to fail to condemn it, cannot but lead to further deviation, in the future, from that clarity which should mark instructions. They are intended to aid, and not to confuse, the lay jury in discharging its duty. Evans v. Farmers Elevator Co., 347 Mo. 326, 147 S.W.2d 593, 601. Such instructions should be short, simple and clear, so as to be easily understood. Wilt v. Moody, Mo., 254 S.W.2d 15, 22.

Defendant also seriously, and with justification, criticizes Instruction No. 5, given on behalf of plaintiff. See Vinson v. East Texas Motor Freight Lines, Mo., 280 S.W. 2d 124, 133. However, since the cause must be retried, we do not deem it of sufficient importance to discuss this instruction at length. It will probably not be given in its present form in another trial.

Because of errors in Instruction No. 4, the judgment granting a new trial should be affirmed.

BOUR, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed.

All concur.