Josephine JEWELL, Appellant,

v.

Earl R. ARNETT, Respondent.

No. 46569.

Supreme Court of Missouri,

Division No. 2.

Dec. 8, 1958.

Dwight Crader, Sikeston, for appellant.

Blanton & Blanton, David E. Blanton, Sikeston, for respondent.

STORCKMAN, Presiding Judge.

This is a personal injury action seeking to recover damages in the sum of $25,000 for injuries suffered when an automobile operated by the defendant, in which plaintiff was a passenger, left the roadway and ran into a ditch. A jury trial resulted in a verdict and judgment for the defendant and the plaintiff has appealed. Since the questions presented relate solely to the giving of one of defendant's instructions, a brief statement of facts will suffice.

The automobile accident occurred after midnight on a gravel road west of Sikeston in Scott County. The defendant, 46, was driving his automobile in an eastwardly direction; the plaintiff, 37, was beside the defendant on the right side of the front seat. They were talking and had just crossed a bridge when they met a westbound automobile. Defendant's car, traveling 35 to 40 miles per hour, made a sharp turn to the right and the defendant seemed to lose control of it; the automobile then crossed the roadway from the south and ran into a deep ditch on the north side. The plaintiff was injured but was able to leave the car, climb out of the ditch and ride in a passing car to a filling station from which she walked two or three blocks to her home.

There was evidence that the westbound automobile was at or near the middle of the road and tended to crowd the defendant's automobile to the right; that the westbound automobile had its head lights on bright; that the lights were not dimmed and tended to blind the defendant; that there was loose gravel on the south side of the roadway which caused defendant's automobile to skid across the road and the defendant did not lose control of his automobile until after it hit the loose gravel.

Plaintiff pleaded and submitted her case on the res ipsa loquitur doctrine. Five instructions were given for the parties and none refused. Three were given on behalf of the plaintiff and two on defendant's request.

Plaintiff makes three principal complaints with respect to defendant's Instruction No. 4 on the burden of proof. In the instruction which follows, we have put in italics the phrases claimed to constitute error (all emphasis herein is supplied unless otherwise noted):

"The Court instructs the jury that the burden of proof rests upon the plaintiff to prove by the preponderance or greater weight of *all the evidence in this* case, every fact which, *under the instructions of the Court,* she was required to prove, in order *to make out her case* against the defendant, and if you find and believe that the evidence as to any of such facts, was in favor of the defendant, or even if you believe that the evidence as to any such facts is equally balanced between the plaintiff and the defendant, then you are instructed that the plaintiff has failed to make a case against the defendant and your verdict can not be in favor of the plaintiff against the defendant."

First the plaintiff says the giving of this instruction was prejudicially erroneous because it does not require "credible" evidence, but permits a finding against the plaintiff unless she proves her case by the "greater weight of all the evidence in the case." The question is whether the omission of the adjective was error. The plaintiff cites us to these cases in which the word "credible" was used in the instructions: Wilt v. Moody, Mo., 254 S.W. 2d 15, 22; Thomas v. Kansas City Public Service Co., Mo.App., 289 S.W.2d 141, 143; Rouchene v. Gamble Const. Co., 338 Mo. 123, 89 S.W.2d 58. The defendant cites us to the following cases which have approved substantially the same instruction as No. 4 without using "credible" to qualify evidence: Cornwell v. Highway Motor Freight Line, 348 Mo. 19, 152 S.W.2d 10, 12; Nelson v. Wabash R. Co., Mo.App., 194 S.W.2d 726, 730; Palmer v. Lasswell, Mo., 287 S.W.2d 822, 829. In none of the above cases, however, was the presence or absence of "credible" an issue to be decided. At best the cases cited are persuasive that it is immaterial whether "credible" is included in or omitted from the phrase.

The case of Quigley v. St. Louis Public Service Co., Mo., 201 S.W.2d 169, cited by the plaintiff, comes much closer to our question. In that case the court stated, loc. cit. 171–172: "Logically, the omission of 'credible' before the word 'evidence' in the clause placed no additional burden on plaintiff." In the Quigley case, however, there was an instruction on the credibility of witnesses. There was no such instruction in this case, but we do not think this materially affects the merits of the question presented. As stated in the Quigley case, this matter is at most a nondirection and if an instruction on credibility or for further clarification was desired, the plaintiff should have asked for it. 201 S.W.2d 172.

Plaintiff's Instruction No. 1 starts like this: "The Court instructs the jury that if you find and believe *from the evidence*" and later states that "if you do find

and believe *from all the evidence* in the case that the defendant Earl R. Arnett was negligent * * *." In Rexford v. Philippi, 337 Mo. 389, 84 S.W.2d 628, 632, it was held that the phrase "by the 'preponderance or greater weight *of the evidence*'" has the same meaning as the preponderance or greater weight *of all the evidence*. Thus we have a situation where the plaintiff has used in her main instruction the same language which she claims is error when used in defendant's burden of proof instruction. The plaintiff cannot sustain a claim of prejudicial error where the alleged defect in the defendant's instruction also exists in her own. Bowers v. Etherton, Mo., 216 S.W.2d 83, 87 [7]; Banks v. Koogler, Mo., 291 S.W.2d 883, 888 [11].

Next the plaintiff contends that the term "to make out her case" is not applicable to a res ipsa loquitur case and that Instruction 4 was erroneous for that reason. Plaintiff cites Trower v. Missouri-Kansas-Texas R. Co., 347 Mo. 900, 149 S. W.2d 792, a case in which the plaintiff was injured when the automobile in which she was a passenger was struck by defendant's train at a crossing. The case was submitted on primary negligence and the verdict was for the defendant. A new trial was granted plaintiff because of error in the defendant's burden of proof instruction. On defendant's appeal the plaintiff contended, inter alia, that the instruction was erroneous because in placing the burden upon plaintiff to prove "his case" by a preponderance of the evidence it misled the jury into believing that the plaintiff had the burden of proving ordinary care on his part. This court held the instruction was not subject to this criticism, 149 S.W.2d 798, 799 [9]. The instruction was held erroneous on another ground which does not exist in the present case. The Trower case does not support the plaintiff's contention.

In Carlson v. Kansas City, Clay County & St. Joseph Auto Transit Co., 221 Mo.App. 537, 282 S.W. 1037, the Kansas City Court of Appeals held it was not error

for the trial court to refuse an instruction declaring " * * * that the plaintiff must prove her case by a preponderance, that is, by the greater weight of all the credible evidence in the case, * * * " 282 S.W. 1042. In so holding the court stated: "It has been repeatedly held that in a res ipsa loquitur case such as is this one it is error for the court to instruct the jury that the burden is upon plaintiff to show negligence on the part of the defendant." 282 S.W. 1042. This decision is not in harmony with the present holdings of this court and furnishes no support for the plaintiff's contention. It is now well settled that the plaintiff has the burden of proving negligence in a res ipsa loquitur case. McCloskey v. Koplar, 329 Mo. 527, 46 S.W. 2d 557, 536 [6], 92 A.L.R. 641; Harke v. Haase, 335 Mo. 1104, 75 S.W.2d 1001, 1004 [9]. It follows that the jury may be so instructed. See also Davis v. Kansas City Public Service Co., 361 Mo. 61, 233 S.W.2d 679. The plaintiff has failed to demonstrate prejudicial error in the use of the term "to make out her case."

Plaintiff's remaining claim of error is that the term "under the instructions of the Court" as used in this instance is not applicable to a res ipsa loquitur case. Busby v. Tanner, Mo.App., 282 S.W.2d 188, chiefly relied upon by the appellant, does not support her contention. It is a res ipsa loquitur case similar on the facts to the instant case; however, the instruction involved did not relate to the burden of proof but undertook to submit the theory of defense and among other hypotheses stated if the accident " * * * was not due to any negligence on the part of defendant in any of the particulars submitted to you in other instructions given you, * * * " 282 S.W.2d 190. The court held the instruction was confusing and not in proper form in that the case was submitted on general negligence and there were no instructions submitting any particular negligence. For this and another error in the same instruction, the judgment for defendant was reversed and the cause remanded. The

case did not turn upon the use of the term "other instructions", but rather on the reference which the jury might have thought was directed at particular or specific negligence. Nor is the plaintiff helped by her citation to Trusty, Constructing and Reviewing Instructions, pocket part supplement, p. 51.

All of the instructions in a case must be considered together and it is not ordinarily improper for one instruction to refer to the others. The plaintiff recognizes this in her damage instruction, Instruction No. 2, which begins: "The Court instructs the jury if under all the instructions of the Court and upon the greater weight of the credible evidence in the case your verdict is in favor of plaintiff, * * * ."

The plaintiff says that the defendant's reference to other instructions "contradicts the main instruction and precludes the jury from inferring neligence from the facts proven because it requires her to prove specific negligence." We do not so construe the instruction. In Palmer v. Hygrade Water & Soda Co., 236 Mo.App. 247, 151 S.W.2d 548, 551, the court held that a reference to other instructions tended to relieve against a charge that one of defendant's instructions had improperly eliminated the jury's consideration of plaintiff's injury in a res ipsa loquitur case. The court stated: "Thus the instruction in terms directs the jury to the 'other instructions,' and one of the 'other instructions' was plaintiff's instruction No. 1 which in simple and clear words informed the jury that negligence could be established by circumstantial evidence." 151 S.W.2d 551 [6].

The plaintiff further says that the reference should have been made specifically to Instruction No. 1 and not generally to "other instructions." We do not think this was necessary because reference to all of the instructions necessarily included plaintiff's Instruction No. 1. What was said in Ferguson v. Betterton, 364 Mo. 997, 270 S. W.2d 756, 762 [7] is here applicable: "De-

fendant's instruction A was the only instruction submitting the issue of plaintiff's contributory negligence for a definite finding upon it, and the reference in instruction No. 1 to other instructions must therefore be necessarily taken as a reference to instruction A."

This is not a particularly suitable form of burden of proof instruction especially in a res ipsa loquitur case. It tends to get away from the simplicity encouraged by the decisions of this court and to invite further definition and explanation with resultant complexity and danger of confusing and misleading the jury. See, for example, Ledkins v. Missouri-Kansas-Texas R. Co., Mo., 316 S.W.2d 564, 569 [8]. In struction No. 4, however, is not vulnerable in the circumstances of this case to the attacks made upon it and the claim of prejudicial error is denied.

Accordingly the judgment is affirmed.

All concur.