HOWARD POLIN v. DELMARVA POULTRY CORPORATION

(*February* 26, 1963.)

CAREY, J., sitting.

*Harvey S. Kronfeld* and *David C. Rittenhouse* (of Morris, Nichols, Arsht and Tunnell) for petitioners.

*Daniel J. Layton, Jr.,* for plaintiff.

Superior Court for Sussex County, No. 135, October Term, 1955.

CAREY, J.:

Judgment by confession was entered in this Court in favor of Howard Polin against Delmarva Poultry Corporation. Delmarva later secured a judgment in the Superior Court for New Castle County against Showell Poultry Company, in which Delmarva was represented by the present petitioners. Polin thereafter issued a garnishment against Showell for the amount due on the New Castle County judgment and Showell paid that amount to the Sheriff of Sussex County. The Sheriff was notified by these petitioners of their claim for an attorney's charging lien for their services in procuring the judgment for Delmarva, whereupon the Sheriff paid the money into this Court. Petitioners then filed this petition praying that a certain portion of the fund be paid to them in payment of their charging lien. Polin has moved to dismiss the petition on three grounds: (1) an attorney's charging lien, as contrasted with a retaining lien, is purely a creature of equity not recognized by a common law Court; (2) if the Superior

Court can recognize the lien, it can only be enforced in New Castle County where the judgment was obtained since the Sussex County Court has no power over that judgment; (3) the petition must fail in any event because petitioners gave no notice to Delmarve of an intent to claim the lien prior to the garnishment. These contentions will be considered in that order.

It is settled in Delaware that the Superior Court, in distributing funds paid in by the Sheriff, will take cognizance only of legal claims and will not recognize equitable claims upon the fund. *In re Williams*, 4 Boyce 401, 88 A. 716. The first question is whether an attorney's charging lien is enforceable only in the Court of Chancery. We have no statute with respect to such a claim, and only one reported case in Delaware deals with it. *Royal Insurance Co. v. Simon*, 20 Del. Ch. 297, 174 A. 444, involved a bill of interpleader filed by a judgment debtor upon whom numerous conflicting demands, including a charging lien, had been made by various creditors of the judgment plaintiff. The Court accorded priority to that claim over the attaching creditors. Chancellor Wolcott held that the lien existed notwithstanding the absence of any statute. Quoting from 2 *Thornton on Attorneys at Law*, Sec. 578, he defined a charging lien as "the right of an attorney at law to recover compensation for his services from a fund recovered by his aid, and also the right to be protected by the Court to the end that such recovery might be effected". It is of some significance that he did not describe this right as an "equiable lien".

There are cases which call the attorney's right an equitable lien enforceable only in equity. See 93 *A. L. R.* 696. The reasons for so describing it are not entirely clear. *Cf.* 2 *Thornton on Attorneys at Law*, 975 etc. It is not a true lien—at least, until a Court makes it such—nor is it equitable in the sense that it can be enforced only in an equity court; in fact, the very earliest reference to its existence are examples

of its recognition by common law Judges. *Welsh v. Hole,* 1 Doug. 238, 99 Eng. Rep. 155; *Griffin v. Eyles,* 1 H. Bl. 122, 126 Eng. Rep. 74; *Wilkins v. Carmichael,* 1 Doug. 101. The old English cases and some of the older American cases describe the right as "equitable", but they were obviously using that word in its broad sense as meaning "rightful" or "fair". Of course, the common law Courts have very limited means of enforcing the right; only Chancery could, for instance, impress the lien upon real estate recovered through an attorney's efforts. *Cf. Louisville E. & St. L. Railroad Co. v. Wilson,* 138 U. S. 501, 11 S. Ct. 405, 34 L. Ed. 1023. The point is, however, that the common law has long recognized the right and has used such means as are available to it to enforce it. See the above cases above cited and *Satterfield v. Southern Railway,* Mo. App., 287 S. W. 2d 395; *Ex parte McLendon,* 212 Ala. 403, 102 So. 696; *Coughlin v. N. Y. C. & H. R. R. Co.,* 27 Am. Rep. 75. Especially in point is *Schempp v. Davis,* 201 Mo. App 430, 211 S. W. 728, where the situation was very similar to the present one.

■ By the weight of authority, both the right and the remedy here sought are within the jurisdictional powers of this Court.

■ Plaintiff's second contention, to the effect that this Court has no power over a judgment in New Castle County, might be correct if the petitioners were seeking to initiate some affirmative action on that judgment. Such is not the case. Here the plaintiff has, by his garnishment, brought the proceeds of that judgment into the control of this Court and it is difficult to conceive of any step that petitioners could take in New Castle County to protect their interest in these proceeds. Assuming the validity of their claim, we should not allow their interest to be destroyed simply because their rights arose in another county. In other words, it is incorrect to say that we are now taking some action upon the New Castle County judgment; we are in fact simply de-

termining the rights of claimants to a fund which is in this Court by virtue of a judgment and execution issued out of this Court.

By plaintiff's third contention, he seeks to take advantage of. the alleged failure to notify Delmarva of the claim prior to the garnishment. Of course, had notice been given to Delmarva, plaintiff would probably have known nothing about it. Thus the failure to give notice affects him in no way. If it be the law that such notice is required so far as Delmarva is concerned, (*Cf. Weed v. Boutelle*, 48 Am. Rep. 821) the right is personal to Delmarva, can be waived by it and in fact has been expressly waived. I can see no valid reason why plaintiff should be permitted to take advantage of this omission in any event.

For the foregoing reasons, the motion to dismiss will be denied.