IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

RAMUNNO & RAMUNNO, P.A.,  :
                          :   C.A. No. N14C-12-077 WLW
            Plaintiff,    :
                          :
    v.                    :
                          :
STEPHEN B. POTTER and     :
POTTER CARMINE &          :
ASSOCIATES, P.A.,         :
                          :
            Defendants.   :


Date Submitted: April 5, 2016
Date Decided: May 10, 2016

**ORDER**

Upon Defendants' Motion to Dismiss Count I.
*Denied.*


L. Vincent Ramunno, Esquire of Ramunno & Ramunno, P.A., Wilmington, Delaware; attorney for Plaintiff.

Stephen B. Potter, Esquire of Potter Carmine & Associates, P.A., Wilmington, Delaware; attorneys for Defendants.


WITHAM, R.J.

Before the Court is a motion to dismiss brought by Stephen B. Potter and Potter Carmine & Associates, P.A. (collectively, "Potter"). Potter moves the Court to dismiss Count I of the complaint of Ramunno & Ramunno, P.A. ("Ramunno") pursuant to Superior Court Civil Rule 12(b)(1) for lack of subject matter jurisdiction. For the following reasons, the Defendants' motion is *denied*.

## FACTUAL AND PROCEDURAL BACKGROUND

The case before the Court consists of two counts. Each count involves separate clients and independent causes of action. In each cause of action, both Potter and Ramunno were retained by the client at one point during the proceedings. The motion currently before the Court relates only to the first count involving the representation of Bertha Flores ("Flores"). Flores was involved in two separate accidents and sought representation. She initially retained Ramunno to represent her in both accidents, but later discharged the firm and retained Potter. Potter negotiated a settlement with the insurance company for both accidents. Ramunno claims he sent a "voluminous file" to Potter and seeks compensation for work performed under the theory of *quantum meruit*. Potter claims Ramunno was discharged by Flores for failing to provide a translator for an arbitration hearing. In December 2014, Ramunno filed a complaint in the case *sub judice*.[1] Ramunno claims that Potter used Ramunno's work product in securing a settlement for Flores and was thus unjustly enriched. Based on this claim, Ramunno asserts that Potter is obligated to pay a substantial portion of the

---

[1] A corrected amended complaint containing the same allegations was filed with the Court in July 2015.

recovery to Ramunno on a *quantum meriut* basis. Ramunno further claims he has a "charging lien" on a portion of Potter's fees and that Potter was required to hold the attorney's fees in escrow until the dispute was resolved. In July 2015, Potter filed an answer denying all allegations.[2]

In October 2015, Potter filed a motion to dismiss the complaint pursuant to Superior Court Civil Rule 12(b)(6). Potter's motion made two arguments. The first argument was that Ramunno could not bring a claim in *quantum meruit* against Potter because such a claim required a plaintiff to have performed a service with the expectation that the defendant would pay for those services. Potter argued that he had performed no services for Ramunno in which Ramunno would expect Potter to pay. Potter claimed any action in *quantum meruit* must be made against the former client. The second argument, presumptively based on the same principle, is that an attorney who initially represents a client and is later dismissed does not have a claim in *quantum meruit* against the successor attorney. Noting that the Superior Court has already allowed a suit involving a fee dispute between an attorney who initially represented a client and the successor attorney,[3] the Court denied the motion.

In March 2016, Potter filed the motion now before the Court seeking dismissal of Count I pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

---

[2] An answer to the corrected amended complaint reiterating the denials was filed with the Court in July 2015.

[3] *See Ramunno & Ramunno, P.A. v. Nitsche,* 2009 WL 395224, at *1 (Del. Super. Feb. 2, 2009).

**STANDARD OF REVIEW**

This Court is required to dismiss an action for lack of subject matter jurisdiction if it appears from the pleadings that the Court does not have jurisdiction over the claim.[4] "The burden of establishing the Court's subject matter jurisdiction rests with the party seeking the Court's intervention."[5] When reviewing a claim for lack of subject matter jurisdiction, the Court "need not accept Plaintiff's factual allegations as true and is free to consider facts not alleged in the complaint."[6]

**DISCUSSION**

In Count I of the complaint, Ramunno claims he is entitled to a substantial portion of Potter's fee based on Ramunno's prior representation of the client. Ramunno claims Potter was unjustly enriched because Potter relied on Ramunno's work product to aid in the recovery. Ramunno further claims that he has a charging lien on a portion of the fees. Potter countered by stating that Ramunno is trying to collect fees to which he has no claim. In this motion to dismiss, Potter claims this Court lacks jurisdiction because Ramunno's interest was in the cause of action that has been settled. Potter argues that once the cause of action was settled, Ramunno's claim was extinguished. Potter further argues that a charging lien is an action *in rem* made against the funds recovered, and that once the funds have been disbursed, the

---

[4] Super Ct. Civ. R. 12(b)(1).

[5] *Ropp v. King*, 2007 WL 2198771, at *2 (Del. Ch. July 25, 2007).

[6] *Appriva Shareholder Litigation Co., LLC v. EV3, Inc.*, 937 A.2d 1275, 1285 n.14 (Del. 2007).

lien is extinguished.

Black's Law Dictionary defines a lien as "[a] legal right or interest that a creditor has in another's property, lasting usually until a debt or duty that it secures is satisfied." In the context of an attorney's charging lien, the property in question would be the fund recovered as the result of litigation. This context is bourne out in the Delaware Supreme Court's decision in *Doroshow, Pasquale, Krawitz & Bhaya v. Nanticoke Memorial Hospital, Inc.* where the Court noted that "Thornton defines an attorney's charging lien as "the right of an attorney at law to recover compensation for his services *from a fund* recovered by his aid, and also the right to be protected by the court to the end that such recovery might be effected."[7] Based on this definition, an attorney's charging lien is against the fund, and thus an action *in rem*. Therefore, with the caveat that the attorney was discharged without cause, an attorney has a right to an attorney's charging lien for services rendered provided there is a fund from which the attorney may recover. More simply, the action is directed against the fund, and in order to succeed, there must be a fund to which the lien can attach.

To protect an interest in a fund created by a recovery, an attorney has the right to intervene in an action. In *Murrey v. Shank*, the court allowed the attorney that initially represented the plaintiff to intervene by right "because the attorney's fees which he seeks constitute an interest in the transaction."[8] In point of fact, case law

---

[7] *Doroshow, Pasquale, Krawitz & Bhaya v. Nanticoke Memorial Hospital, Inc.*, 36 A.3d 336, 340 (Del. 2012) (quoting 2 Edward Mark Thornton, *A Treatise on Attorneys at Law* § 578 (1914)) (emphasis added).

[8] *Murrey v. Shank*, 2011 WL 4730549, at *3 (Del. Super. Aug. 30, 2011).

5

on attorney charging liens in Delaware suggests that a motion to intervene or a motion for a charging lien are the favored methods of implementing a charging lien.[9] It should be noted that these motions were able to be made only because litigation was pending before the court. Case law clearly establishes that an attorney has the ability to protect his interest in a fund recovered by his aid when there is a court proceeding.

When there are no court proceedings, the ability to intervene or to assert a charging lien by motion is not available. However, the lack of a court proceeding will not extinguish an attorney's ability to seek payment for work performed in aiding a recovery. Because an attorney's charging lien is an action *in rem*, the lien may be asserted as long as the funds from the recovery have not been disbursed. In the event that the funds have been disbursed, an action for unjust enrichment may be available. "Unjust enrichment is defined as 'the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience.'"[10] Thus, an attorney who

---

[9] *See, e.g., Sutherland v. Sutherland*, 2015 WL 894968, at *1 (Del. Ch. Feb. 27, 2015) ("Katten moves to intervene pursuant to Court of Chancery 24 . . . citing its engagement letter with Martha and the common law right to assert an attorney charging lien."); *Zutrau v.* Jansing, 2014 WL 6901461, at * 1 (Del. Ch. Dec. 8, 2014) ("thereafter, those attorneys moved to withdraw and for entry of a charging lien."); *Murrey*, 2011 WL 4730549, at *1 ("Before this Court is an Intervener's Motion for Award of Attorney's Fees."); *Caldera Props. v. Ridings Dev., LLC*, 2009 WL 3069610, at *1 (Del. Ch. Aug. 6, 2014) ("Kaplin Steward has filed a motion seeking an attorneys' charging lien . . . ."); *Webb v. Harleysville Ins. Co.*, 1995 WL 716757, at *2 (Del. Super. Oct. 23, 1995) ("Court granted the Intervenor's leave to intervene for the purpose of asserting a charging lien for legal services and costs.").

[10] *Schock v. Nash*, 732 A.2d 217, 232 (Del. 1999).

provided initial representation may assert that the successor attorney has been unjustly enriched.

In *Doroshow*, the Delaware Supreme Court noted that "the common law has long recognized the attorney's right to a charging lien and that common law courts have 'used such means as are available to it to enforce it.'"[11] As a court of general jurisdiction, this Court has jurisdiction over actions at law. This jurisdiction includes the right to enforce an attorney's charging lien, or to hear a civil action for unjust enrichment.

## CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss pursuant to Rule 12(b)(1) is **DENIED.** IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

---

[11] *Doroshow*, 36 A.3d at 341 (quoting *Polin v. Delmarva Poultry Corp.*, 188 A.2d 364, 366 (Del. Super. 1963)).