IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

RAMUNNO & RAMUNNO, P.A.,                  :
                                          :       C.A. No. N14C-12-077 WLW
                    Plaintiff,            :
                                          :
        v.                                :
                                          :
                                          :
STEPHEN B. POTTER and                     :
POTTER CARMINE &                          :
ASSOCIATES, P.A.,                         :
                                          :
                    Defendants.           :


Date Submitted: April 11, 2016
Date Decided: May 11, 2016
Corrected: May 13, 2016*

**ORDER**

Upon Defendants' Motion for Summary Judgment
and Motion to Dismiss Count II.
*Denied.*


L. Vincent Ramunno, Esquire of Ramunno & Ramunno, P.A., Wilmington, Delaware; attorney for Plaintiff.

Stephen B. Potter, Esquire of Potter Carmine & Associates, P.A., Wilmington, Delaware; attorneys for Defendants.


WITHAM, R.J.

*Footnote number 10 is corrected.

Before the Court are motions to dismiss and for summary judgment brought by Stephen B. Potter and Potter Carmine & Associates, P.A. (collectively, "Potter"). Potter moves the Court to grant summary judgment on Count II of the complaint of Ramunno & Ramunno, P.A. ("Ramunno") pursuant to Superior Court Civil Rule 56, and to dismiss Count II of the complaint pursuant to Superior Court Civil Rule 12(b)(1) for lack of subject matter jurisdiction. For the following reasons, the Defendants' motions are DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

The case before the Court consists of two counts. Each count involves separate clients and independent causes of action. In each cause of action, both Potter and Ramunno were retained by the client at one point during the proceedings. This is a highly contentious case over attorney fees in which the parties have filed numerous motions. The motions currently before the Court relate only to the second count involving the representation of Roblisha Smith ("Smith").

Smith's mother, Mary Smith, was involved in an automobile accident related to a police chase on October 2, 2014 and passed away on October 3, 2014. On October 7, 2014, Potter was retained by Smith. The retainer agreement stated that Smith retained Potter "as my attorney to represent me and/or my children in my claim for damages against any and all parties who may be liable on account of negligence which occurred on 10/3/14."[1] Settlements with two insurance carriers were rapidly reached. On October 16, 2014, a settlement was reached with the at fault driver's

---

[1] Mot. for summary judgment, Ex. B

insurance carrier for the policy limit of $15,000, and on October 24, 2014, a settlement was reached with the underinsured motorist carrier for the policy limit of $25,000. Potter attempted to open an estate for Smith's mother, but was discharged by Smith before the estate could be opened. On November 12, 2014, Smith retained Ramunno. Francis J. Bass, an employee of Ramunno, was appointed the personal representative of the estate of Mary Smith. Ramunno made a claim to the proceeds for the estate, but the insurance carrier refused to tender a check because of the competing claims of Potter and Ramunno. Ramunno then filed a complaint seeking compensation for fees owed in the Smith case.[2]

In October 2015, Potter filed a motion to dismiss the complaint pursuant to Superior Court Civil Rule 12(b)(6). Potter argued that Ramunno took a case that had already been settled, and that Ramunno's only valid course of action was to make a claim for administrator fees in the Court of Chancery. The motion was denied.

In March 2016, Potter filed the motion now before the Court seeking summary judgment on Count II pursuant to Rule 56 and dismissal of Count II pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

### *Standard for Summary Judgment*

Summary judgment will be granted when, viewing all of the evidence in the light most favorable to the nonmoving party, the moving party demonstrates that

---

[2] An objective observer would expect close coordination and cooperation be required by the two firms.

"there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law."[3] This Court shall consider the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" in determining whether to grant summary judgment.[4] When material facts are in dispute, or "it seems desirable to inquire more thoroughly into the facts, to clarify the application of the law to the circumstances," summary judgment will not be appropriate.[5] However, when the facts permit a reasonable person to draw but one inference, the question becomes one for decision as a matter of law.[6]

### Standard for Dismissal for Lack of Subject Matter Jurisdiction

This Court is required to dismiss an action for lack of subject matter jurisdiction if it appears from the pleadings that the Court does not have jurisdiction over the claim.[7] "The burden of establishing the Court's subject matter jurisdiction rests with the party seeking the Court's intervention."[8] When reviewing a claim for lack of subject matter jurisdiction, the Court "need not accept Plaintiff's factual

---

[3] *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991) (citing *Benge v. Davis*, 553 A.2d 1180, 1182 (Del. 1989)); *see also* Super. Ct. Civ. R. 56c.

[4] Super. Ct. Civ. R. 56c.

[5] *Ebersole v. Lowengrub*, 180 A.2d 467, 468-69 (Del. 1962) (citing *Knapp v. Kinsey*, 249 F.2d 797, 802 (6th Cir. 1957)).

[6] *Wootten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).

[7] Super Ct. Civ. R. 12(b)(1).

[8] *Ropp v. King*, 2007 WL 2198771, at *2 (Del. Ch. July 25, 2007).

allegations as true and is free to consider facts not alleged in the complaint."[9]

## DISCUSSION

Potter's retainer agreement with Smith states that he would provide representation in her claim for damages. Potter secured a settlement from two insurance carriers and then attempted to open an estate for Mary Smith. The insurance claims were for Mary Smith as the decedent and were required to be deposited into an estate before being distributed.[10] Potter claims he was retained to procure a settlement, and that the settlement was procured. However, Potter's attempt to open the estate raises a question of material fact. No retainer agreement between Smith and Potter concerning the opening of the estate was submitted to the Court. Although not part of the retainer agreement for the recovery of damages, Potter may have led Smith to believe an estate would be opened as part of the damages recovery process. Thus, the scope of Potter's representation remains unclear. The estate was subsequently opened by Ramunno. If Potter represented to Smith that an estate would be opened as part of the recovery process, then Ramunno may be entitled to part of the recovery for opening the estate. Because this question of material fact exists, Potter's motion for summary judgment cannot succeed.

Because the scope of representation is not clear, Ramunno may have a valid

---

[9] *Appriva Shareholder Litigation Co., LLC v. EV3, Inc.*, 937 A.2d 1275, 1285 n.14 (Del. 2007).

[10] An email from Potter to Conner Lawrence of Liberty Mutual asked that the settlement check be made to the Estate of Mary Smith. Mot. For Summary Judgment, Ex. C. The settlement check from Liberty Mutual was paid to Potter and the Estate of Mary Smith. *Id.*

argument for an attorney's charging lien. In *Doroshow*, the Delaware Supreme Court noted that "the common law has long recognized the attorney's right to a charging lien and that common law courts have 'used such means as are available to it to enforce it.'"[11] As a court of general jurisdiction, this Court has jurisdiction over actions at law. This jurisdiction includes the right to enforce an attorney's charging lien. For this reason, Potter's motion to dismiss for lack of jurisdiction fails.

## CONCLUSION

For the foregoing reasons, the Defendants' motions for summary judgment and to dismiss pursuant to Rule 12(b)(1) are **DENIED**.

IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

---

[11] *Doroshow*, 36 A.3d at 341 (quoting *Polin v. Delmarva Poultry Corp.*, 188 A.2d 364, 366 (Del. Super. 1963)).